No. 13,710.

JOHN MAY VS. A. B. PHILIPS.

SYLLABUS.

1. A plaintiff, whose proceeding by executory process to collect a mortgage debt due him, is stopped by injunction issued without bond on the averment that time to pay the debt had been given, is entitled to test by summary trial the grounds of the opposition.

2. And nothing contained in Act No. 4 of 1896, entitled "An Act to fix and regulate the terms of the Civil District Court for the Parish of Orleans," etc., negatives the right to try a motion to dissolve such an injunction on any legal day in the year.

APPEAL from the Civil District Court, Parish of Orleans—*St. Paul, J.,* acting for *Ellis, J.,* absent on leave.

*William W. Westerfield* for Plaintiff, Appellee.

*Charles Louque* and *Delos C. Mellen* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. Plaintiff took out executory process on a note secured by mortgage, executed by defendant.

He had acquired the note from the Canal Bank of New Orleans by notarial act of purchase and subrogation.

Following the service of legal notice upon him, defendant sued out an injunction to prevent the clerk of court from issuing the writ of seizure and sale, and to enjoin the plaintiff from proceeding further in the foreclosure of the mortgage.

The ground for the injunction was that plaintiff had, through his representative, granted an extension of time in which to pay the debt, and the writ issued without bond, pursuant to Articles 739 and 740 of the Code of Practice.

The latter article requires the judge to pronounce summarily on the merits of the opposition thus made, if the plaintiff require it, and the following article (741) recites that "the plaintiff against whom the injunction has been obtained may compel the defendant to prove, in a summary manner, before the judge, the truth of the facts alleged in his opposition."

The plaintiff *did* require the judge to pronounce summarily on the opposition, and *did* by motion to dissolve, based on the allegation that the averment of extension of time was untrue, take action to compel the defendant to prove in summary manner the truth of the facts alleged in his petition for injunction.

When the motion to dissolve came on for trial, it is gathered from the record (though no bill of exception to this ruling of the judge appears), that defendant objected to the summary trial on the ground that the merits of the cause were involved, and for that reason no trial could be had during the vacation of the court.

Being ruled to trial he then moved for a continuance in order to take the testimony of an absent witness, alleging surprise.

There appears in the record no formal motion for continuance setting forth under oath what he expected to prove by the absent witness, nor alleging the materiality of the testimony wanted, nor due diligence exerted to procure the attendance of the witness.

The motion to continue was overruled and defendant took a bill of exception.

Trial of the motion to dissolve was then had with the result that the motion was sustained and the injunction dissolved.

From this judgment a suspensive appeal was taken and this appeal is now before us.

The plaintiff, whose proceeding to collect the debt due him was stopped by injunction, issued without bond, was clearly entitled to test summarily the grounds of the opposition. The law granting him this right is clear and emphatic.

C. P. 740, 741, 751, 756.

Proceedings are summary—declares C. P. 98—when carried on with rapidity, and without the observance of the formalities required in ordinary cases. See also C. P. 1034.

In Penouilh, Tutor, vs. Abraham, 42 La. Ann. 326, which was a proceeding *via executiva* to foreclose a mortgage, the seized debtor enjoined the sale on like grounds as in the instant case, viz: that the seizing creditor had granted time for the payment of the debt. The defendant in injunction, acting under the authority of C. P. 741, ruled the plaintiff to summarily prove the truth of his averments, and on the trial of the rule his injunction was dissolved.

But counsel for defendant herein (plaintiff in injunction) cites Act No. 4 of 1896 as sustaining his contention that a rule to quash, or mo-

tion to dissolve, which involves the merits of a pending controversy, *cannot be tried during the vacation* of the District Court for the Parish of Orleans.

That statute provides that the Civil District Court for the Parish of Orleans shall be opened at 11 o'clock a. m., and shall remain open until 3 o'clock p. m., from the 15th of October to the end of June in each year. It thus appears that that court is in vacation, so far as its usual, ordinary business is concerned, from and inclusive of July 1st to October 15th of each year. "But," continues the statute, "for granting interlocutory orders, issuing any and all writs, trials of rules to quash same, and not upon the merits, etc., etc., said court shall remain open all legal days during the whole of the year."

Stress is laid upon the words "not upon the merits," and it is insisted that when defendant was ruled to trial upon the motion to dissolve on the 14th of August 1900—the court being then in vacation—it was not competent for the judge to proceed to hear and determine the motion because, as averred, it was in effect a trial of *the merits* of the cause, which could not be had in vacation.

This contention is without force.

The statute referred to is not in conflict in any respect with the declarations of the codal law as embodied in C. P. 740, 741.

The words of the statute "not upon the merits" are construed to mean merely that causes where issue has been regularly joined are not to be taken up for trial on the merits during the court's vacation. In the instant case, if the evidence had been such as to warrant the court in overruling the motion to dissolve, that judgment merely would have been rendered, and this would have left the injunction suit intact on the docket, to be regularly answered in due time by defendant in injunction, and for trial on its merits when the court convened after vacation.

It is observed that the trial court, in its judgment sustaining the motion to dissolve the injunction, reserved to defendant (plaintiff in injunction) the right to apply for another writ of injunction upon giving bond to secure plaintiff against injury.

The effect, then, of this judgment is merely to dissolve the injunction which issued without bond.

Nor was there error in the ruling denying the continuance sought on the ground of the absence of the witness Morris. The bill of exception states his presence was desired to prove that the bank, of which he was president—the former holder of the mortgage note—would, if it

had still continued to hold the note, have extended the same upon payment of the interest. This testimony, if had, would have been of no benefit to the plaintiff in injunction.

The bank had disposed of the note to the plaintiff in executory process in April 1900. The suit in foreclosure was not filed until July 26th, 1900. What the bank might have done in the way of granting an extension was without material bearing upon the controversy between plaintiff and defendant as raised by the injunction proceeding.

Besides, no sufficient showing for a continuance was made by the plaintiff in injunction.

The "surprise" pleaded by the latter was a matter—whether to continue or not on that ground—in the discretion of the trial judge, and the court sees no sufficient reason to interfere therewith.

On the merits of the motion to dissolve, the case is with the defendant in injunction. The evidence does not establish that the extension of time for the payment of the debt, as claimed by the plaintiff in injunction, was given by the holder of the note.

The judgment appealed from is affirmed.

Rehearing refused.