(78 South. 587)

No. 22870.

CITIZENS' HOMESTEAD ASS'N v. DUGUE.

(April 29, 1918.)

*(Syllabus by the Court.)*

1. INJUNCTION ⬤⟳164—SUFFICIENCY OF SURETY—DETERMINATION.

A plaintiff, whose proceeding by executory process to collect a mortgage debt due him has been stopped by injunction on the averment that the property seized belongs to the person suing out the injunction, is entitled to test, by a summary proceeding, the validity or sufficiency of the surety on the injunction bond during the vacation of the district court for the parish of Orleans.

2. INJUNCTION ⬤⟳148(1)—BOND—SUFFICIENCY OF SURETY.

A surety on an injunction bond is insufficient where the property he owns is so much

involved as to make it hard to be reached and uncertain as to what it might bring at a forced sale.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Executory proceeding by the Citizens' Homestead Association against Mrs. Sarah Dugue, in which Miss Lilian J. Johnston obtained an injunction, and from a judgment dissolving and setting aside the injunction for the insufficiency of the surety on the injunction bond plaintiff in injunction appeals. Affirmed.

E. A. O'Sullivan, of New Orleans, for appellant. Edward B. Ellis and Meyer S. Dreifus, both of New Orleans, for appellee.

SOMMERVILLE, J. This is an executory proceeding which has been enjoined by Miss Lilian J. Johnston, who claims, in her petition for an injunction to be the sole owner of the property seized by plaintiff in this proceeding. She obtained an injunction to prevent the sale of the property on a bond for $750, which, on motion of plaintiff, was dissolved and set aside, on the ground that the surety on the bond was not good and solvent, as the law required he should be. The case was not tried on its merits, and the judgment did not dispose of the case in any way. Plaintiff in injunction has appealed from the judgment dissolving and setting aside the injunction.

[1] On the trial of the motion to dissolve, objection was made that it could not be tried on August 30, 1917, during the vacation of the civil district court of the parish of Orleans, wherein the case was pending. The objection was overruled, and a bill of exceptions was reserved to the ruling.

The motion to dissolve the injunction was triable during vacation of the civil district court, as it was an interlocutory order, under the act of 1896, and the judgment thereon did not involve any action upon the merits of the case.

A similar point was presented in the case of May v. Philips, 105 La. 129, 29 South. 486, wherein it was held that a motion to dissolve an injunction might be tried on any legal day in the year.

This ruling was made under the provisions of Act No. 4 of 1896, p. 5, the first section of which act reads as follows:

"Be it enacted by the General Assembly of the state of Louisiana, that the civil district court for the parish of Orleans shall be opened at 11 o'clock a. m., and shall remain open until 3 o'clock p. m., unless business assigned for the day be earlier concluded, from the 15th day of October to the end of the month of June, in each year, except from Christmas to the second day of January. For granting interlocutory orders; issuing any and all writs; trials of rules to quash same, and not upon merits; and for the purpose of trying proceedings instituted, or on appeal therein by a landlord for the possession of leased property, partition proceedings, and for such special probate and insolvency business, as the court en banc may by rule determine, said court shall remain open on all legal days during the whole year, and any judge thereof present in the parish is authorized to act in the premises in cases allotted to a judge absent from the parish, or unable to hold court or to act, with all of the powers of said absent judge."

[2] The evidence introduced on the trial shows that the surety on the bond of plaintiff in injunction was not such surety as is contemplated by the law. The burden of proving the sufficiency or legal capacity of a surety on a judicial bond is on the party who tenders the surety, and plaintiff in injunction has failed to show the sufficiency of the surety on the bond furnished by her in this case. The bond was signed by her attorney, who testified that he was worth between $4,000 and $5,000, consisting of real and personal property. One piece of real estate was acquired by him from a homestead company for $4,000, upon which, he testified, the homestead company had a mortgage of $3,100. But the surety did not produce a statement from the homestead association to whom a mortgage of $4,000 was payable that this mortgage had been reduced in any amount.

Besides, there was a further mortgage of $500 recorded against this property, which had not been canceled from the records of the mortgage office, although the witness testified that the same had been paid. He failed to produce the canceled note for this mortgage. The property was too heavily involved to be considered a proper security for any amount whatever outside of the mortgage held by the homestead company.

The witness also testified that he owned five lots of ground in the Homedale section of the New Orleans Land Company, for which he had agreed to pay $1,500, and against which there existed a mortgage for the balance of $877.60. But, on cross-examination, he admitted that he bought this property by what is called a "bond for title"; that is, a contract whereby the vendor agrees to make title to property to the vendee, provided the vendee pays in full within a given space of time. The contract further provided that in event the vendee failed to make payment in accordance with the terms of the contract the vendor was at liberty to consider the contract abrogated, and all payments which had been made on account of the purchase forfeited to the vendor. Such title can hardly be considered an asset in the hands of a surety.

He further testified that he owned a lot of ground in the parish of Jefferson worth $80, and that he owned a lot on Washington avenue, near Hagan avenue, valued at $300, and that this latter piece of property was subject to redemption. That piece is in the name of the witness as security for a debt. It cannot be considered as a valuable asset of the surety. The surety also testified that he owned a law library and office furniture on which he owed $300, and also household furniture. The library and office furniture, and most household furniture, are exempt from seizure, and they can hardly be considered as a valuable asset of a surety on a judicial bond. A list of household furniture was not given, so it is impossible to determine how much of it was liable to seizure.

The surety also testified that he owed about $600; that he was a surety on a bond for $500; and that he was surety on another bond for $250, which had been forfeited. He further testified that he had sufficient money in the bank to pay the forfeited bond, but he had not paid it at the date of the trial. He said his bank account showed a credit of $400.

We are of the opinion that the surety on the bond is insufficient, and that the judgment of the district judge in declaring him to be so is correct, and that the injunction was properly dissolved.

The judgment appealed from is affirmed.

O'NIELL, J., concurs in the decree.