MRS. A. F. SIMONIN

VS

MR. & MRS. JULIUS WYLER

# 7339

CHARLES F. CLAIBORNE, JUDGE.

June 4th. 1918.

# 7339

CHARLES F. CLAIBORNE, JUDGE.

Plaintiff brings this suit against her neighbor to enjoin her from tearing down the partition fence between them and moving it over to her side.

She alleged that she was the owner of the property No. 536 Jackson Avenue and that the defendant Mrs. Wyler was the owner of the contiguous property No. 530 Jackson Avenue. That between the two properties there existed a proper legal fence built upon the division line since the year 1910; that without legal right the defendant had threatened to tear down said fence and to rebuild another one on a different line encroaching upon her property; that the removal of said fence would prevent her from opening the windows of her house and cause her a damage of $1000.00; that the defendant will proceed to carry out her threats unless restrained by an injunction. She prayed for an injunction restraining the defendant from demolishing and removing said fence or changing its present location, and for $1000.00 damages.

The writ issued as prayed for.

The defendant then filed the following motion:

"On motion of Edgar M. Cahn and Theodore A. Schuber, attorneys for Mrs. Margaret Glese wife of Julius Wyler and the said Julius Wyler, defendants herein and on suggesting to the court that the preliminary writ of injunction herein sued out by the plaintiff was wrongfully obtained, and that said writ should be dissolved for the following reasons: That the bond herein filed by the plaintiff is wholly ineffectual, defective, and is not such a bond as is required by law; that the allegations and averments of plaintiff's petition upon which said writ of injunction issued, are false and untrue; that in truth and in fact, the only thing that movers in-

191

tended to do was to erect a proper fence on the correct and legal line dividing the plaintiff's property from that of defendants, and mover did not intend to encroach in any way upon any of the rights or property of the plaintiff; It is ordered by the Court that the plaintiff herein show cause on the 4th. day of May 1917 at 11 o'clock A. M. why the writ of injunction herein sued out by the plaintiff should not be dissolved and set aside with full reservation of the right of defendants to sue hereafter for whatever damages they may have suffered on account of the wrongful issuance of said writ".

On the return day of the rule May 4th. 1917, Mr. Theodore A. Schuber, thus testifies as to what took place:

"Both counsel for plaintiff and defendants were present in this Court, Mr. McLoughlin as attorney for plaintiff herein together with Mr. Cahn and myself as attorneys for the defendants, agreed at that time that the only question before the court was whether or not the dividing line on which we proposed to erect this fence was the correct dividing line between the two properties and the (following) order of court appointing an expert surveyor herein was agreed to and drawn up and written by both counsel for plaintiff and counsel for defendants".

The note of evidence shows that at this point Mr. McLoughlin objected"to any parole evidence concerning any of these negotiations between counsel, on the ground that the only matter before the Court is whether or not Mr. Waddill has fixed the proper dividing line between the properties".

The order of May 4th. above referred to is as follows:

"The rule for dissolution of the writ of injunction came up this day before this Court, and the Court being of the opinion that it will be unable to make rule properly on same without having the benefit of expert advice on the matters involved, It is ordered that Frank Waddell, C. E., be appointed as expert surveyor to take into consideration the pleadings herein, and such evidence as the parties hereto may submit

to him, for the purpose of ascertaining the correct dividing line between the properties of the plaintiff and defendants; and said expert shall then report to this court his findings thereon, with a certificate of survey showing where in his opinion the correct line is. It is further ordered that both parties be entitled to be present in person or by representative at the actual making of the survey by said expert; it is further ordered that upon the filing of said report by said expart both parties be given ten days notice by said expert wherein to show cause before this Court why the said report should not be accepted by the court, and made the basis of its judgment herein".

Waddill was sworn as expert. He notified the attorneys for both parties to meet him on November 20th.1917 at 10 o'clock A. M. at the corner of Jackson and St. Thomas Streets as the place for beginning the survey; he there met Mr. J. J. McLoughlin, representing Mrs. A. F. Simonin, and Mr. T. A. Schuber (attorney) and Mr. W. J. Seghers, (Surveyor) representing Mr. & Mrs. Julius Meyer; they handed him various documents including a survey made by D. E. Seghers & Son dated February 3rd. 1911 of the Wyler property and one by Edgar Pilie, dated October 14th. 1910 of the Simonin property.

Waddell made his survey, prepared an elaborate sketch and blue print in accordance therewith, wrote out a process-verbal and report of his actions and filed them all in the court which had appointed him; notice of filing of same was acknowledged by the attorneys for the plaintiff and for the defendants; ten days elapsed after said notice and no opposition to Waddill's report or survey was made; there uponthe defendants took a rule upon the plaintiff to show cause why the survey and report of Waddill should not be approved and homologated and made the basis of the judgment of the Court on the rule taken for the dissolution of the injunction.

Service of the rule was accepted by James J. Mc Loughlin, attorney for Mrs. Simonin.

It was tried in presence of counsel for both sides and was made absolute. Accordingly a judgment was rendered

approving the report and survey of Waddill and making it the judgment of the court, establishing the dividing line between the properties of plaintiff and defendants and setting aside the injunction at the cost of plaintiff.

From this judgment the plaintiff, through new counsel, appealed.

He charges two errors in the judgment, one of form and one of substance.

1. He says that the judgment was rendered without issue joined inasmuch as defendant had filed no answer, and that the suit was changed into an action of boundary.

It seems to us that the defendant alone had a right to complain that judgment was rendered before she had answered. But be that as it may, the law and the practice justify a judgment rendered on the merits dissolving an injunction on a rule to show cause. C. P. 740,741, 742, 743.

It is true that these articles apply to injunctions issued against an order for executory process, on the theory that they are entitled to a summary trial. But the law has not said upon what pleadings the summary trial shall be based. Jurisprudence alone has given the right to proceed by rule to set aside an injunction on the merits. All "injunction cases" are entitled to "summary" trial under Act 243 of 1910 p 407. In the case of Williamson vs Richardson 30A 1164 the Court said:

"The law expressly authorizes a party injoined to compel the party injoining to prove the truth of the facts alleged by him in a summary manner. C. P. 741. No delay is specified for the party injoined in such rule. The trial must be summary. The rule is not vague. The language used is the same as that of the Code. It was not needful for the suit to be at issue nor to have been fixed for trial nor called. It would defeat the purposes of the rule, if instead of trying it in a summary manner, its trial should be deferred until the suit was at issue, or should be reached in its regular order on the docket. The plaintiff was correctly compelled to try the xn preliminary issue on the rule summarily". 105 La. 130,26A 651.

the rule being considered no in answer to the petition

But in this case the plaintiff far from objecting to the mode of procedure, acquiesced and assisted in it, and provoked the judgment. It has been decided that a judgment rendered on a rule is valid "if no objection to the mode of proceedings was made at any time" Genella vs Mc Murray 49A 989.

2nd. Plaintiff also complains that the surveyor erred in giving the defendant 31'5"4"$ while her title calls for only 30'5"4".

The surveyor explains that the last measurement is an error in the title which occurred in the Succession of Mrs. Harvey on October 31st. 1864 in the Sheriff's deed to A? A. Pray; and that the error of one foot was repeated in every deed of sale thereafter.

Mr. Waddill was appointed as expert for the very purpose of ascertaining the rights of each party as to their lots and for correcting any error that might have occurred to disturb the titles to each. But the plaintiff has no right to complain that the surveyor's report attributes to Mrs. Wayler more land than her title calls for, as long as the report does not deprive her of the full extent to which she is entitled by her title.

We are of opinion that the judgment of the District Court has done justice to both parties.

Interest reipublicae ut sit finis litium.

Judgment affirmed
June 4th. 1918.